OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The issue in this action for breach of contract is whether *825 defendant Village is contractually obligated to reimburse plaintiff for certain gross receipt taxes plaintiff paid to the Tax Commission pursuant to Tax Law § 300 (c) and § 301 (a). At the time plaintiff and defendant contracted for the sale of oil, no gross receipts tax was applicable to the transaction. Approximately four weeks into the contract, the Legislature amended the Tax Law to subject plaintiff to a gross receipts tax on this transaction (L 1983, ch 400, § 8 [eff July 1, 1983]). Both parties agree that the contract was silent with regard to the payment of such tax.
It is settled that a supplier could lawfully "pass through” this gross receipt tax burden to a municipal purchaser (see, Manhattan & Queens Fuel Corp. v County of Nassau, 68 NY2d 833, affg on opn at 113 AD2d 595). The Appellate Division correctly held that, although it could have, plaintiff did not under the contract at issue pass through this new tax burden to defendant. Plaintiff does not claim impracticability or impossibility of performance, but merely claims that the cost of its performance under the contract has increased due to the change in the Tax Law. There is no basis for plaintiffs claim that defendant is contractually bound to assume this tax burden. Plaintiff, being the party legally obligated to pay the gross receipts tax, must bear the burden of its increased cost in the performance of the contract.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.